**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:13-cv-130-RJC**

| | | |
|---|---|---|
| DELTON MAYNOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRAD PERRETT, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion for

summary judgment on the claims presented by Petitioner in his petition for a writ of habeas

corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will

granted and Petitioner's Section 2254 petition will be denied and dismissed.

## I.    BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted following a jury

trial in Buncombe County Superior Court on one count of assault with a deadly weapon

inflicting serious injury. Petitioner entered a guilty plea to the aggravating factor of committing

the offense while he was on pretrial release and he was sentenced to a term of 74 to 98 months'

imprisonment and Petitioner appealed.

The North Carolina Court of Appeals summarized the evidence as follows:

> On 17 March 2008, defendant approached his acquaintance
> Kenneth Dale Brown ("Brown") and requested assistance with
> tearing down a hot tub at defendant's residence ("the residence").

Defendant took Brown back to the residence, where three females were present. The two men began to tear down the hot tub. While they worked, the men also consumed alcohol and smoked marijuana. Defendant, Brown, and the three females all consumed alcohol until approximately 11:00 p.m., when Brown decided to leave.

As Brown attempted to leave the residence, defendant approached him and stabbed him in the chest with a knife. Someone at the residence then called 911 and paramedics were dispatched to the scene. When they arrived, they discovered that Brown had lost approximately one liter of blood. The paramedics were able to stabilize Brown and transport him to Mission Hospital. At the hospital, Brown underwent surgery to repair the damage caused by the stabbing.

On 18 March 2008, Brown's niece, Angela Revis ("Ms. Revis"), confronted defendant about the stabbing. Defendant initially denied knowing Brown. However, when Ms. Revis asked defendant if he had stabbed Brown, defendant replied that Brown "got what he deserved."

Later that day, defendant was stopped by law enforcement for driving with a revoked license, and as a result, defendant's car was impounded. Law enforcement subsequently secured a search warrant for defendant's vehicle. A search uncovered the t-shirt, jeans, and shoes that defendant was wearing at the time Brown was stabbed. The jeans had fluid consistent with blood on them.

Samples of Brown's shirt and defendant's jeans were then sent to the State Bureau of Investigation ("SBI") Crime Lab. The samples tested positive for the presence of blood. After this positive test, the samples were sent for further analysis, which confirmed that the samples contained Brown's DNA.

Defendant was indicted for one count of assault with a deadly weapon with the intent to kill inflicting serious injury. Defendant was also indicted for the aggravating factor that he committed the offense while on pretrial release for another charge. Beginning 8 March 2010, defendant was tried by a jury in Buncombe County Superior Court. During the trial, Erin Ermish ("Ermish"), a forensic scientist with the SBI, testified about the test results which confirmed the presence of blood on

Brown's shirt and the jeans recovered from defendant's vehicle. However, Ermish did not personally perform the tests for the presence of blood; her testimony was based upon her peer review of another SBI forensic scientist, Katie Harris ("Harris"). In addition, Sarah Johnson ("Johnson"), a forensic biologist with the SBI, testified about the tests she performed to confirm the presence of Brown's DNA on defendant's jeans.

On 10 March 2010, the jury returned a verdict of guilty to the lesser included offense of AWDWISI. Defendant pled guilty to the aggravating factor of committing the offense while on pretrial release for another charge. Consequently, the trial court sentenced defendant in the aggravated range to a minimum term of 74 months to a maximum term of 98 months in the North Carolina Department of Correction. Defendant appeals.

Petitioner raised only one argument on appeal: That the trial court erred in admitting Ermish's testimony concerning the results of tests performed by another SBI scientist Harris. As Petitioner argued, his Sixth Amendment right to confront Harris was violated with the admission of this testimony. The court of appeals agreed but rejected his claim for relief after finding that Petitioner had not raised such an objection in the trial court and that the testimony did not rise to the level of plain error. On May 17, 2011, the court of appeals affirmed his conviction and sentence. State v. Maynor, 713 S.E.2d 250 (Table) (N.C. Ct. App. 2011). The Supreme Court of North Carolina dismissed his appeal and denied his petition for discretionary review. State v. Maynor, 732 S.E.2d 155 (N.C. 2011).

On December 11, 2011, Petitioner filed a motion for appropriate relief (MAR) in the Buncombe County Superior Court and raised five claims for relief. (Doc. No. 1-3). The superior court denied relief and the court of appeals denied Petitioner's petition for a writ of certiorari. This federal habeas proceeding follows and the arguments will be

3

addressed in turn below.

## II.    STANDARD OF REVIEW

### A.    Summary Judgment

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B.    Section 2254 Proceedings

The Anterrorism and Effective Death Penalty Act (AEDPA) provides for a constrained level review in a federal habeas proceeding:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## III.   DISCUSSION

### A.   <u>Ground One</u>

In his first claim for relief, Petitioner challenges the court of appeals ruling that the admission of the testimony of SBI scientist Ermish did not rise to the level of plain error. (Doc. No. 1 at 5). This argument is without merit.

The court of appeals found that the admission of Ermish's testimony violated Petitioner's Sixth Amendment right to confront Harris regarding her the finding that the blood found on Petitioner's clothes belonged to the victim, Kenneth Brown. However, the court found that in light of other evidence presented by the state, Petitioner could not establish a claim for relief and he received a trial that was without prejudicial error. Specifically, the court found that another SBI agent, Sarah Johnson, who testified at trial and performed tests from which she concluded that Brown's DNA was present on the Petitioner's jeans, provided sufficient evidence from which the jury could conclude that Brown's DNA was in fact present on Petitioner's jeans. The court further noted that Brown identified Petitioner as his knife-wielding attacker at trial, and Brown's niece testified that she confronted Petitioner about the stabbing and he explained that Brown "got what he deserved."

The Sixth Amendment provides that a defendant shall have the right "to be confronted with the witnesses against him." The court of appeals finding that Petitioner was not entitled to relief — even though they concluded that his Sixth Amendment right to confront Harris was violated — does not entitle Petitioner to relief under either provision of § 2254(d). In the wake of the overwhelming evidence presented through Brown, and through his niece and the SBI scientist Johnson, any reasonable jury would have found Petitioner guilty beyond a reasonable

5

doubt notwithstanding Erwish's testimony. In sum, any error in the admission of this testimony was harmless. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (providing that a habeas petitioner is "not entitled to habeas relief based on trial error unless they can establish "actual prejudice.") (citing United States v. Lane, 474 U.S. 438, 449 (1986)).

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long 'as fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  As the Supreme Court observed, "[i]f this standard is difficult to meet, that is because it was meant to be." Harrington, supra. See also Richardson v. Branker, 668 F.3d 128, 138 (4th Cir. 2012) ("The limited scope of federal review of a state petitioner's habeas claims, as established by AEDPA, is grounded in fundamental notions of state sovereignty.") (citing Harrington, 131 S. Ct. at 787).

For the foregoing reasons, Petitioner's claim will be denied.

B.    Ground Two

Through this second claim, Petitioner argues that testimony that Buncombe County Detective Raymet provided regarding knives which were recovered during the investigation but later destroyed before the defense could examine them violated his constitutional rights. (Doc. No. 1 at 6). Petitioner contends that he discovered "new evidence" after his trial which he offers as proof that the state may have intentionally destroyed the evidence. Petitioner's argument is based on his reading of a summary of a newspaper article published in the Asheville Citizen Times which detailed an ongoing investigation into the handling of evidence by the Asheville Police Department. (Doc. No. 1-6). Petitioner fails to alert this Court as to how he could have

6

been prejudiced even if certain evidence was not preserved for trial. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988) (finding that due process may be violated if "potentially useful" evidence, which the Court defined as any evidence which could tend to exonerate the defendant, is destroyed).

While it is true that the knife employed in the stabbing was never recovered, the Court finds from the record presented that the identity of the knife that was used in the stabbing never appeared to be an issue which the jury needed to resolve before determining whether Petitioner was person that stabbed Brown. Petitioner's blank assertion that the allegedly missing knives resulted in him "being deprived of crucial evidence" is conclusory and will be denied. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (providing that a federal habeas petitioner has the burden of presenting evidence to support the merits of his claim).

C.      Ground Three

Petitioner contends that the state "made grossly improper argument" regarding the knives that were destroyed and these comments resulted in a violation of his rights under the Fifth, Eighth, and Fourteenth Amendments. (Doc. No. 1 at 8). Petitioner again fails to provide any reasonable argument that could support a finding of constitutional error. When considering such a claim of prejudice, the Supreme Court has expressly declined to find that merely disagreeable comments by the prosecutor can support federal habeas relief, rather "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).

As the Court previously found, the existence of Petitioner's cache of knives was

unnecessary for a determination of Petitioner's guilt as the testimony from the victim, the

victim's niece, and the SBI scientist Sarah Johnson was easily sufficient to establish his guilt.

Accordingly, the Court finds that this claim for relief lacks merit and it will be denied.

      D.     <u>Ground Four</u>

In his final claim for relief, Petitioner argues that his constitutional right to a speedy trial

was violated. (Doc. No. 1 at 10). Petitioner was indicted by the Buncombe County grand jury on

September 8, 2008, and he was tried in March 2010. (Doc. No. 1-2 at 7: Indictment). The state

court appointed Faye Burner of the Buncombe County Public Defender's Office to represent

Petitioner after he was arrested and Petitioner's trial was set for the week of September 14, 2009.

During a hearing on September 17, 2009, Ms. Burner moved to withdraw from the case due to a

conflict of interest because she discovered that she had previously represented Brown, the

stabbing victim. The Court allowed the motion to withdraw and appointed new counsel.

Petitioner was tried and convicted in March 2010. (Doc. No. 1-7: Transcript)

On December 9, 2009, Petitioner, while under indictment on the assault charge, and

while represented by counsel, Petitioner filed a pro se motion to dismiss the indictment on

speedy trial grounds. Petitioner explained that he was presently confined in the custody of the

North Carolina Department of Public Safety at the Lumberton Correctional Institution after he

was convicted in early June 2009, on unrelated charges. (Doc. No. 1-6 at 3). In a supporting

affidavit, Petitioner offers evidence that Ms. Burner submitted a written request in July 2009, to

the district attorney in an effort to have his assault charge tried within 6-months however it does

not appear that she filed this request or otherwise moved for a trial within this time frame. (<u>Id.</u> at

5-6). Although Petitioner's assault case was on the trial calendar for the week of September 14,

2009, the case had to be continued because Petitioner was appointed new counsel based on a clear conflict of interest.

During a hearing on January 11, 2010, Petitioner appeared with counsel and the court addressed Petitioner's pro se motion to dismiss. The state noted that Petitioner had received a trial date in March 2010, and his counsel acknowledged that he and Petitioner had discussed a possible speedy trial challenge but his counsel concluded that it lacked merit. Petitioner addressed the court and he noted that the assault charge had been pending for 23 months. However even after providing this summary Petitioner specifically declined to argue for dismissal nor did he provide any indication that he wanted to proceed as his own counsel to argue the motion. (Doc. No. 9-19: Transcript).

First, the Court finds that this claim should be dismissed because Petitioner has waived this argument as he failed to properly pursue the claim prior to his trial or even on direct appeal. The Court observes that Petitioner was represented by counsel at the time he filed his motion, and he therefore had no right to present pro se motions to the court; had Petitioner insisted on pursuing this claim he could have moved the court to terminate his representation and chosen to argue his motion pro se. Yet, when he appeared for the hearing, he agreed with the March 2010 court date and he presented no argument regarding relief because of any delay. In fact, Petitioner appeared to express satisfaction that his case was firmly and definitely set for trial, and he requested to be returned to state prison to await the trial. (Id. at 4-5). See, e.g., Barker v. Wingo, 407 U.S. 514 (1972) (discussing four-part test in considering whether a defendant may prevail on a Sixth Amendment speedy trial claim: (1) the length of the delay; (2) the reason contributing to delay; (3) a defendant's claim of the right; and (4) the prejudice asserted by a defendant).

"Whether and how a defendant asserts his right [to a speedy trial] is closely related to the other factors we have mentioned." In evaluating the extent of a defendant's assertion of his right to a speedy trial, "[w]e emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Id. at 531-532. Here, it is clear that Petitioner had abandoned his claim and agreed with the March trial date.

Finally, federal law, as decided by the Supreme Court, simply does not support relief because Petitioner has failed to demonstrate prejudice. First, Petitioner has failed to offer any viable claim of prejudice emanating from his delay as he was incarcerated at the time his counsel allegedly presented a written request that he be tried within six months in July 2009, and he remained incarcerated at the time he filed his pro se motion and he was still incarcerated at the time of his trial. Doggett v. United States, 505 U.S. 647, 651 (1992) ("Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial' delay . . .") (quoting Barker, 407 U.S. at 530-31).

Second, a delay of 23 months between indictment and trial cannot support a claim for relief under the Sixth Amendment especially in light of the fact that Petitioner was tried within 6 months from the date he filed his pro se motion for dismissal. See, e.g., Barker, 407 U.S. at 518, 536 (rejecting habeas claim for delay of 20 months between date right asserted and trial); Ricon v. Garrison, 517 F.2d 628 (4th Cir.) (failing to find right to relief with a delay of 36 months), cert. denied, 423 U.S. 895 (1975).

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner has failed to present any

meritorious claims for relief and Respondent's motion for summary judgment will be granted.

**IT IS, THEREFORE ORDERED** that:

1.  Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 8).

2.  The petition for habeas corpus will be denied and dismissed. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Robert J. Conrad, Jr.
United States District Judge

11